UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| FREDERICK JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:14-cv-00099-RLY-TAB |
| ) | |
| CITY OF LAWRENCEBURG, ) | |
| DENNIS CARR Mayor, ) | |
| DOUG TAYLOR Former Council at Large ) | |
| Member, ) | |
| JANE POPE Council Member, ) | |
| AARON COOK Council Member, ) | |
| BILL BRUNNER Council Member, ) | |
| MIKE LAWRENCE Council Member, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Court on Plaintiff Frederick Jones' motion to compel Defendants to respond to his interrogatories and requests for production of documents. Defendants made a tardy response to Jones' requests for production, but provide a reasonable excuse. Additionally, Jones' interrogatories do not comply with the federal rules. For these reasons, explained in more detail below, the Court denies Jones' motion.

Rule 33 of the Federal Rules of Civil Procedure provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Serving more than 25 requires the Court's permission. Rule 33 also dictates that a "responding party must serve its answers and any objections within 30 days." Similarly, Rule 34 allows parties to serve each other with requests for production of documents, giving the same response time of 30 days.

To enforce these discovery rules, Rule 37 permits a party to move the Court to compel a response from a party who has failed to respond. However, the failing party may be granted relief for excusable neglect under Rule 60. Furthermore, the Court may address the motion to compel with an appropriate ruling under the circumstances of the case. *See e.g., Miller v. Pinkston*, No. 96 C 4675, 1999 WL 691827, at *2 (N.D. Ill. Aug. 25, 1999) ("[A] district court should independently determine the proper course of discovery based upon the arguments of the parties.")

There are two issues here. First, Defendants failed to respond to Jones' production request within the 30-day response time. However, Defendants' failure to make a timely response was due to excusable neglect. The timing of the discovery was unfortunate. Jones served Defendants (various members of the Lawrenceburg city government) with discovery requests on November 30, 2015, right after the November election. Defendants argue their delayed response was not a dilatory tactic, but the result of elections and turnovers within the city government. Defendants ultimately served their response to Jones' production requests on February 15, 2016, but have not responded to interrogatories due to their form, which is discussed below. It appears Jones filed this motion out of frustration with the delay and late response. However, Defendants' tardiness is particularly excusable because a new city attorney, who would generally respond to Jones' requests, assumed responsibility just days before the requests were made. Defendants explain the elections caused an interruption to this case, but point out that they made a response as soon as practicable and outline the steps they took to communicate and cooperate with Jones, including phone calls and letters. Under these circumstances, the Court finds Defendants' excuse is unique to the nature of an elected government body and that Defendants responded to Jones within a reasonable amount of time

after taking steps to foster a resolution.  Thus, the Court finds it appropriate to grant Defendants relief for excusable neglect and deem Defendants' responses to Jones' requests for production of documents timely.

Second, Jones exceeded the number of allowable interrogatories served on Defendants. Jones served Defendants with 78 interrogatories, more than triple the number allowed by the rules.  This is an amount the Court did not authorize and will not order Defendants to answer. Defendants explain that they have communicated this objection with Jones and suggest that such an extensive line of questioning is better suited for a deposition.  The Court agrees.  A deposition is particularly efficient to gather the large amount of information Jones seeks.  Alternately, or in conjunction, Jones may re-serve interrogatories on Defendants after reducing the number, including subparts, to 25.  In short, Defendants need not respond to Jones' interrogatories as they currently stand.  Jones must reduce the number of interrogatories to 25 (or some higher amount if Defendant agrees to answer more than 25 but less than 75).[1]  Jones may also depose Defendants upon proper notice.[2]

For these reasons, the Court denies Jones' motion to compel.  [Filing No. 32.] Defendants' response to Jones' request for production of documents is deemed timely and Defendants need not respond to Jones' interrogatories.

Date: 4/18/16

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Jones also may seek leave from the Court to serve more than 25 interrogatories.  While the Court will not permit 78, cause may exist to slightly increase the number of interrogatories allowed.

[2] Depositions are discussed in the Pro Se Handbook, which is located on the court's website under "Representing Yourself," *available at* http://www.insd.uscourts.gov/sites/insd/files/Pro%20Se%20Handbook.pdf.

Distribution:

FREDERICK JONES
430 Elm Street
Lawrenceburg, IN 47025

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com