UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| FREDERICK JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:14-cv-00099-RLY-TAB |
| | ) | |
| CITY OF LAWRENCEBURG, | ) | |
| MAYOR DENNIS CARR, | ) | |
| FORMER COUNCIL AT LARGE MEMBER | ) | |
| DOUG TAYLOR, | ) | |
| COUNCIL MEMBER JANE POPE, | ) | |
| COUNCIL MEMBER AARON COOK, | ) | |
| COUNCIL MEMBER BILL BRUNNER, and | ) | |
| COUNCIL MEMBER MIKE LAWRENCE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and
PLAINTIFF'S MOTION TO DENY SUMMARY JUDGMENT**

This matter arises from the August 20, 2012 decision by the City of Lawrenceburg, acting through its Common Council, to table the grant of a private entity loan to Plaintiff, Frederick Jones, to finance a real estate development plan for the City. The *pro se* Plaintiff, an African American, alleges that the Defendants' decision violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article 1, Section 23 of the Indiana Constitution. He also alleges a claim for promissory estoppel under Indiana law. The Defendants, City of Lawrenceburg, Mayor Dennis Carr, former council member Doug Taylor, and current council members Jane Pope, Aaron Cook, Bill Brunner, and Mike Lawrence, now move for summary judgment, and Plaintiff moves the court to deny

1

Defendants' motion. The court, having read and reviewed the parties' submissions, the designated evidence, and the applicable law, now **GRANTS** Defendants' motion, and **DENIES** Plaintiff's motion.

I. Background

By resolution in 2005, the City of Lawrenceburg established a Public Improvement Economic Development Fund ("PIEDF") and the Lawrenceburg Economic Development Fund ("LEDF"). (Filing No. 58-10, Affidavit of Aaron Cook ("Cook Aff.") ¶ 3). As their names suggest, both funds were created to stimulate economic growth in Dearborn County. (Cook Aff., Ex. 1-A, 1-B). To address loan requests, the City created a Loan Committee which determined whether or not to grant the requests. (Cook Aff. ¶ 3).

In September 2009, the Loan Committee decided that due to the current economic situation, it would be in the City's best interest to suspend the loan program. (*Id.* ¶ 6). It made a motion at the next Common Council meeting to suspend the loan program until further notice, and it passed. (*Id.*). No further private entity loans were given from September 2009 through 2012. (*Id.* ¶ 7). The loans that were in existence at that time continued to be serviced and repaid, but no new loans issued. (*Id.*).

On August 6, 2012, Plaintiff presented his business plan at a Lawrenceburg Common Council meeting and requested that his business receive a $500,000 private entity loan from the City of Lawrenceburg to turn rental properties into owned homes. (*Id.* ¶ 8; Filing No. 58-10, Ex. 1-G, Minutes of the Aug. 6, 2012 Common Council Meeting; Filing No. 59, Ex. 1-H, Video of August 6, 2012 Common Council Meeting

2

beginning at 1:28). After a short discussion, Pope made a motion to move forward with funding the Jones Properties as a private entity loan. (Cook Aff. ¶ 8; Exs. 1-G, 1-H). Pope, Lawrence, and Taylor voted in favor of the motion; Brunner and Cook voted against the motion; Mayor Carr did not vote. (Cook Aff. ¶ 8; Exs. 1-G, 1-H).

On August 20, 2012, the matter came back before the Lawrenceburg Common Council. (Cook Aff. ¶ 9; Filing No. 58-10, Ex. 1-I, Minutes of the August 20, 2012 Common Council Meeting; Filing No. 59, Ex. 1-J, Video of the August 20, 2012 Common Council Meeting beginning at 1:28). During the meeting, there was confusion as to whether the Common Council needed to establish a new Loan Committee or whether they needed an ordinance to make the Loan Committee legal. (Cook Aff. ¶¶ 9, 10; Ex. 1-J). After a recess was called to allow Pope to speak with her attorney, Pope officially moved to stay further action on the Jones' Properties' project until the Loan Committee was legally able to extend loans. (Cook Aff. ¶ 10; Exs. 1-I, 1-J). The motion passed 3-2, with Pope, Lawrence and Taylor voting in favor and Brunner and Cook voting against. (Exs. 1-I, 1-J).

This lawsuit followed.

## II. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence from which a reasonable juror could return a verdict in favor of the non-moving party. *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1104 (7th Cir.

3

2012). In evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004).

### III. Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment

Plaintiff moves the court to deny Defendants' motion for summary judgment because there are facts in dispute and the matter is not ripe for summary adjudication. With respect to his first contention, "the existence of a factual dispute will not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). Here, Plaintiff fails to point to any facts, much less material facts, which are in dispute. With respect to his second contention, based on his Response to Defendants' motion for summary judgment, the court assumes he is referring to discovery which he alleges he has not received from Defendants. The record belies Plaintiff's contention. (*See* Filing No. 48, Order on June 14, 2017, Telephonic Conference ("Given that Defendants has [sic] responded to Plaintiff's discovery requests, Plaintiff's motion to compel [Filing No. 43] is denied."); Filing No. 67, Marginal Entry denying Plaintiff's Motion for Extension of Time for Discovery because Defendants complied with discovery and the motion was made beyond the deadlines set forth in the court's scheduling order)). For these reasons, Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment is **DENIED**.

**IV.  Defendants' Motion for Summary Judgment**

   **A.  Federal Claim**

   **1.  Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  In Count I of the Complaint, Plaintiff alleges the Defendants violated his rights to equal protection when it "rescinded" the private entity loan during the August 20 meeting.  To prevail, Plaintiff "must establish that a state actor has treated him differently from persons of a different race and that the state actor did so purposefully."  *Billings v. Madison Metropolitan Sch. Dist.*, 259 F.3d 807, 812 (7th Cir. 2001) (internal citations omitted).

As an initial matter, this claim is properly asserted only against the City; suing the members of the Common Council and the Mayor in their official capacities is redundant. *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 466 (7th Cir. 2001) (suing individual defendants in their official capacities "added nothing to the lawsuit"). Moreover, because Plaintiff's claim is brought under Section 1983, to prevail, Plaintiff must establish that some policy, practice, or custom of the City caused his loss.  *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The designated evidence reflects that private entity loans existing as of the September 2009 Common Council meeting continued to be serviced and repaid, but no new private entity loans were issued following the suspension of the program.  As of August 20, 2012, the Common Council had passed no ordinance restarting the private

entity loan program or establishing a Loan Committee with the authority to grant such loans. In addition, the video evidence submitted by Defendants of the August 6 and 12 Common Council meetings bolsters Defendants' case. There are no words, gestures, or unusual circumstances that occurred during the meetings from which a reasonable juror could infer that Defendants had a policy, custom, or practice of discriminating against minority applicants for private entity loans.

Plaintiff attempts to raise a genuine issue of material fact with a document entitled "Schedule of Debt Amoritization" for the City of Lawrenceburg. (Filing No. 62-1, Schedule of Amoritization). Defendants object to this document because, they contend, it is unauthenticated, irrelevant, and is being offered for the truth of the matter asserted under Federal Rule of Evidence 802. Those objections aside, the Schedule of Loan Amoritization does not establish, as Plaintiff suggests, that the recipients were Causasian. Therefore, the court finds Plaintiff has failed to raise a genuine issue of material fact as to whether he was treated differently than persons of a different race by the Common Council's decision to grant, and then stay, his private entity loan request in 2012. Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's equal protection claim is **GRANTED**.

    2.    **Class of One**

The Equal Protection Clause also protects individuals from "purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). To establish a "class of one" equal

6

protection claim, a plaintiff must show that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

For the reasons set forth in the court's equal protection analysis in Section III.A.1., the court finds Plaintiff has failed to raise a genuine issue of material fact that he was intentionally treated differently from others similarly situated. Therefore, Defendants' Motion for Summary Judgment on Plaintiff's equal protection claim under a class of one theory is **GRANTED**.

**B.     State Law Claims**

Because Plaintiff's federal claim has been dismissed, the court must determine whether to exercise supplemental jurisdiction over Plaintiff's state law claims.

A district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Although there is no federal claim left upon which the court may assert original jurisdiction, the court elects to take supplemental jurisdiction over Plaintiff's state law claims, as they arise out of the same set of facts, substantial judicial resources have been allocated to this case, and remanding the case to state court at this late juncture[1] would be unfair to the parties. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997); *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994).

---

[1] The Complaint was filed on August 20, 2014.

### 1. Article 1, Section 23 of the Indiana Constitution

In Count I, Plaintiff also alleges a claim under Indiana's Equal Privileges and Immunities Clause found in Article 1, Section 23 of the Indiana Constitution. It provides: "The General Assembly shall not grant any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

Indiana courts do not recognize a private cause of action for money damages arising from the violation of the Indiana Constitution. *Smith v. Ind. Dept. of Correction*, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007) (noting that "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution"). Here, Plaintiff seeks only monetary damages.[2] Therefore, the court must **GRANT** Defendant's Motion for Summary Judgment on Plaintiff's claim under Article 1, Section 23 of the Indiana Constitution.

### 2. Promissory Estoppel

In Count II, Plaintiff brings a claim for promissory estoppel. This claim consists of five elements: "(1) a promise by the promissor (2) made with the expectation that the promisee will rely thereon (3) which induces reasonable reliance by the promise (4) of a definite and substantial nature and (5) injustice can be avoided only by enforcement of the promise." *First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949, 954 (Ind. 1991) (adopting the Restatement (Second) of Contracts § 90). "Thus, a

---

[2] Plaintiff's Complaint seeks "all legal and equitable relief to which he may be entitled." (Filing No. 1, Compl. at 7). However, in his Response, Plaintiff's argument centers only around the availability of a damages remedy.

promisor who induces a substantial change of position by the promisee in reliance upon the promise is estopped to deny enforceability of the promise." *Id.*

Defendants first argue Plaintiff's promissory estoppel claim must be dismissed because he failed to file a Tort Claim Notice against the City of Lawrenceburg under the Indiana Tort Claims Act ("ITCA"). Because the ITCA "applies only to a claim or suit in tort," the issue presented is whether a claim for promissory estoppel is an action in tort. Ind. Code § 34-13-3-1. Neither the parties nor the court has found a case directly on point. Therefore, the court must predict how the state's highest court would decide the issue and rule accordingly. *MindGames, Inc. v. W. Pub. Co., Inc.*, 218 F.3d 652, 655-56 (7th Cir. 2000).

A tort is defined as "a legal wrong committed upon a person or property *independent of contract*." *Orem v. Ivy Tech State College*, 711 N.E.2d 864, 868 (Ind. Ct. App. 1999) (internal quotation marks and citations omitted) (emphasis in original). In addition, the elements of a promissory estoppel claim under Indiana law are found in the Restatement (Second) of Contracts § 90. *See First Nat'l Bank*, 577 N.E.2d at 954. Like an action in contract, a claim for promissory estoppel centers on a broken promise. Moreover, "[t]he doctrine of promissory estoppel can act as a substitute for lack of consideration or lack of mutuality." *Id.* The court therefore finds that promissory estoppel sounds in contract, not in tort. Consequently, Plaintiff was not required to provide a Tort Claim Notice on the City prior to filing the present lawsuit.

Defendants next contend Plaintiff did not reasonably rely upon the Defendants' vote during the August 6 Common Council meeting to his detriment. The only evidence

of detrimental reliance is Plaintiff's testimony that he spent $50 in copying costs and "spoke to his attorney." (Filing No. 58-11, Deposition of Frederick Jones at 173-74). However, Plaintiff's reliance was not definite or substantial such that justice requires enforcement of the $500,000 loan. *See Brown v. Branch*, 758 N.E.2d 48, 53 (Ind. 2001) (finding girlfriend did not establish a claim for promissory estoppel because her reliance on boyfriend's oral promise that she "would always have the house" if she quit her job, dropped out of school, and moved to Indiana did not cause her substantial injury; "what the party gave up in reliance on an oral promise was no greater than what the party would have given up in any event"). Defendants' Motion for Summary Judgment on Plaintiff's promissory estoppel claim is therefore **GRANTED**.

## V. Conclusion

For the reasons set forth above, Defendants' Motion for Summary Judgment (Filing No. 54) is **GRANTED**, and Plaintiff's Motion to Deny Summary Judgment (Filing No. 61) is **DENIED**.

**SO ORDERED** this 31st day of July 2018.

 _____
 RICHARD L. YOUNG, JUDGE
 United States District Court
 Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy Mailed to: **FREDERICK JONES**, 430 Elm Street, Lawrenceburg, IN 47025